IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENISE KOWAL,  )
        Plaintiff,  )
        )
  -vs-  )    Civil Action 18-1350
        )
ANDREW M. SAUL,  )
        Defendant.  )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Denise Kowal ("Kowal") applied for a period of disability and disability insurance benefits ("DIB") in September 2014, alleging disability beginning June 30, 2014. (R. 17) She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ"), during which both she and a vocational expert ("VE") appeared and testified. (R. 17) Following the hearing the ALJ received additional medical evidence which was admitted into the record. (R. 17) Ultimately, the ALJ denied benefits. Kowal subsequently filed a Request for Review with the Appeals Council. The Appeals Council denied the request for review. She then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 11 and 15.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

1

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. The ALJ's Decision

The ALJ denied benefits at the fifth step of the analysis. More specifically, at step one, the ALJ found that Kowal has not engaged in substantial gainful activity since the onset date and any wages earned after that date relate to short-term disability payments. (R. 19) At step two, the ALJ concluded that Kowal suffers from the following severe impairments: status-post left knee septic arthritis / calf abscess, degenerative joint disease of the left knee, degenerative joint disease of the fingers, hyperlipidemia, hypothyroidism, and obesity. (R. 19-20) At step three, the ALJ determined that Kowal did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20) Between steps three and four, the ALJ decided that Kowal had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. (R. 20-24) The ALJ specifically noted that Kowal requires the use of a cane to maintain balance and that she can never reach overhead to the left or right. (R. 20) At the fourth step of the analysis, the ALJ determined that Kowal was unable to perform her past relevant work. (R. 24) Ultimately, however, at the fifth step of the analysis, the ALJ concluded that, considering Kowal's age, education, work experience, the work skills acquired from her past relevant work, and RFC, jobs exist in significant numbers in the national economy that she could have performed. (R. 24-26)

III. Discussion

My review is limited to one issue – whether there is an unresolved conflict at the fifth step of the analysis between the jobs cited by the VE and the RFC. Kowal urges that, pursuant to the Dictionary of Occupational Titles ("DOT") and its companion the Selected Characteristics of Occupations ("SCO"), both jobs as a credit card clerk and proof machine operator require "frequent" reaching. *See* ECF Docket No. 12, p. 5, *citing*, DOT Codes 210.382--038[1] and 217.382-010. Yet the RFC precludes Kowal from ever engaging in overhead reaching.[2] Kowal contends that the ALJ failed to resolve this conflict.

As the Third Circuit Court recognized in *Zirsnak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014), at the fifth step of analysis the Commissioner bears the burden of demonstrating that the claimant can perform jobs existing in the national economy. "To determine what type of work (if any) a particular claimant is capable of performing, the Commissioner uses a variety of sources of information, including the DOT, the SSA's own regulatory policies (found in the Code of Federal Regulations ('CFR')), and testimony from VEs." *Zirsnak*, 777 F.3d at 616. Issues arise when a vocational expert's testimony conflicts, or appears to conflict, with information provided by the DOT. "As a general rule, occupational evidence provided by a VE should be consistent with the occupational evidence presented in the DOT." *Id.*, at 616 (citations omitted). To ensure consistency between the DOT and a VE's testimony, courts have imposed an obligation on ALJs to

---

[1] It appears that the ALJ incorrectly transcribed the citation for "credit card clerk." The DOT citation is 210.382-038. (R. 71)
[2] The RFC provides, in relevant part: "The claimant can **never** reach overhead to the left or right, and she has frequent fingering limitations with the left and right hands." (R. 20) (emphasis added)

4

"[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs … and information in the [DOT]." *Id.*, at 616. Specifically:

> An ALJ is required to (1) ask, on the record, whether the VE's testimony if consistent with the DOT, (2) elicit a reasonable explanation where an inconsistency does appear, and (3) explain in its decision how the conflict was resolved. *Burns v. Barnhart*, 312 F.3d 113, 127 (3d Cir. 2002). An ALJ's failure to comply with these requirements may warrant remand in a particular case. *Rutherford*, 399 F.3d at 556. However, this Circuit has emphasized that the presence of inconsistencies does not mandate remand, so long as substantial evidence exists in other portions of the record that can form an appropriate basis to support the result. *Id.* (citing *Boone v. Barnhart*, 353 F.3d 203, 209 (3d Cir. 2004).

*Zirsnak*, 777 F.3d at 617 (internal quotation marks omitted). *See also, Burns v. Barnhart*, 312 F.3d 113, 127 (3d Cir. 2002) (finding that SSR 00-4p[3] requires the ALJ to ask the VE whether any possible conflict exists between the VE's testimony and the DOT and, if a conflict appears to exist, provide a reasonable explanation for the conflict.)

Where the DOT is silent on an issue, however, a conflict does not exist. *See Weckherlin v. Berryhill*, Civ. No. 16-1487, 2017 WL 3873167, at * 4 (E.D. Mo. Sept. 5, 2017) (stating, "the Court is persuaded by the reasoning of several district and circuit court cases holding that the DOT's silence as to a functional limitation does not create a conflict between the DOT and the VE's testimony, and therefore does not require inquiry by the ALJ."); *Sanborn v. Comm'r. of Soc. Sec.*, 2015 WL 3452872, at * 6 (3d Cir. June

---

[3] SSR 00-4p provides that:
Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether a claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given the VE or VS is reasonable and provides a basis for relying on the VE or VS testing rather than on the DOT information. *See* SSR 00-4p, 2000 WL 1898704.

1, 2015) (finding that the DOT's silence with regard to a sit / stand option does not place it in conflict with jobs identified by the VE); *Phillips v. Berryhill*, 2017 WL 2224931, at * 7 (E.D. Pa. May 22, 2017) (stating that "[t]he Third Circuit Court of Appeals has recognized that the DOT's silence with regard to the sit / stand option does not place it in conflict with jobs identified by a VE."); *Horn v. Colvin*, 2013 WL 1386836, at * 4 (W.D. Pa. Apr. 4, 2013); and *Conn v. Astrue*, 852 F. Supp.2d 517, 528 (D. Del. 2012) (stating that "the VE's testimony and the DOT are not in conflict; the DOT simply does not address sit / stand options.").

Kowal's argument presupposes a conflict. After careful review, I find that no conflict exists. The DOT descriptions for credit card clerk and proof machine operator do not reference overhead reaching. See DOT Code 210.382-038 and DOT Code 217.382-010. Further, the DOT does not distinguish between "reaching outward in front" and "reaching overhead." As the court noted in *Stockett v. Commissioner of Social Security*, 216 F. Supp.3d 440, 460-61 (D.N.J. 2016), "the DOT is silent with regard to overhead reaching." As such there is "no harmful error in [an] ALJ's decision to rely upon the vocational expert's testimony without identifying and resolving a conflict between that testimony and the DOT, as no such conflict exists." *Stockett*, 216 F. Supp.3d at 460-61. *See also, Parker v. Colvin*, Civ. No. 13-1222, 2014 WL 4662095, at * 9 (W.D. Pa. Sept. 19, 2014) (explaining that no conflict existed which required remand where the jobs identified in the DOT required constant / frequent reaching and the RFC precluding reaching because the DOT is silent as to whether the reaching was "overhead" in nature).

Even if there was a conflict, it was more than adequately resolved. The ALJ specifically fashioned an RFC which precluded the worker from reaching overhead with either the right or left hand. (R. 69-70) The ALJ asked the VE whether an individual could perform any work given that, and other restrictions. The VE opined that someone with Kowal's RFC could perform the requirements of a credit card clerk and proof machine operator. (R. 41) Thus, the ALJ had this information in hand before identifying the positions set forth above. Additionally, the ALJ specifically asked the VE at the hearing whether his testimony was consistent with the information contained in the DOT. (R. 76) The VE responded that it was, "with the exception that the DOT does not address off task or the use of a cane." (R. 76) Consequently, the ALJ was entitled to rely upon the VE's testimony. *See Tudi v. Colvin*, Civ. No. 13-1423, 2014 WL 2860642, at * 5 (W.D. Pa. June 23, 2014), *Green v. Astrue*, Civ. No. 10-468, 2010 WL 4929082, at * 6 (W.D. Pa. Nov. 30, 2010) and *Gibbons v. Barnhart*, 85 Fed. Appx. 88 (10th Cir. 2003) (stating that "[t]he vocational expert specifically testified that the limitations of simple reading and writing were consistent with the jobs he identified and once the VE stated that he was relying on the DOT, the ALJ had no further duty to investigate.") As such, I reject Kowal's contention that an unresolved conflict exists, and that remand is required.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE KOWAL ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 18-1350 |
| ) | |
| ANDREW M. SAUL, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 30th day of January, 2020, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 15) is GRANTED and the Motion for Summary Judgment (Docket No. 11) is DENIED. It is further ORDERED that the Clerk of Courts close this case forthwith.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge